UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-CIV-62156-BLOOM/VALLE

JOSEFINA HERRERA

    Plaintiff,

v.

BANK OF AMERICA, N.A., U.S. BANK N.A.
and RUSHMORE LOAN MANAGEMENT
SERVICES LLC,

    Defendants.
_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court on Defendant Bank of America, N.A.'s Motion to Dismiss Plaintiff Josefina Herrera's ("Plaintiff") Complaint, ECF No. [23]. For the reasons set forth below, Defendant's Motion is granted in part and denied in part.

### I. Background

On October 13, 2015, Plaintiff, proceeding *pro se*, filed suit against Bank of America, N.A. ("Bank of America"), U.S. Bank, N.A. ("U.S. Bank"), and Rushmore Loan Management Services ("Rushmore") (collectively, "Defendants"), alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), the Florida Consumer Collection Practices Act ("FCCPA"), the Telephone Consumer Protection Act ("TCPA"), and a breach of implied covenant of good faith and fair dealing.[1] *See* ECF No. [1].

---

[1] The Complaint specifically alleges: 15 U.S.C. § 1692(d) of the FDCPA (Count I); § 1692e(2)(A) of the FDCPA (Count II); § 1692e and § 1692e(10) of the FDCPA (Count III); § 1692B(6) of the FCPA (Count IV); Fla Stat. § 55972(9) of the FCCPA (Count V); § 559.72(7) of the FCCPA (Count VI); § 559.72(18)

On August 1, 2007, Plaintiff executed a promissory note for a loan of $865,350.00 from Bank of America. *See* Compl. Ex. 1, ECF No. [1] at 20. On that same date, Plaintiff executed a mortgage that encumbered real property located in Broward County, Florida as security for payment of the note. *See* Compl. Ex. 2 at 25. Plaintiff asserts that Defendants sought to collect an alleged consumer debt from Plaintiff by calling her telephone hundreds of times.

Plaintiff also alleges that the Defendants' foreclosure against Plaintiff "contains several irregularities." Compl. ¶ 23.[2] Plaintiff asserts that she instructed her representative to attempt a short sale/modification and that Rushmore, under the direction of Bank of America and U.S. Bank, confirmed the receipt of an order to complete a modification or short sale on or about September 28, 2015, and sent a completed short sale package soon thereafter. Plaintiff simultaneously listed her property for sale. *Id.* ¶¶ 24-25. On or about September 30, 2015, Rushmore's representative "stated that they spoke with their investor and that their investor offered a waiver of deficiency to the Plaintiff and that Plaintiff could 'stop the sale,'" which Plaintiff alleges is dual tracking. *Id.* ¶ 27. Plaintiff also asserts that she offered to pay an amount higher than her property is currently worth in a short sale/modification, but that Rushmore insisted on a higher amount and denied any further modification negotiations until October 20, 2015. *Id.* ¶ 28. Auction of her property was scheduled for September 20, 2015. *Id.*

Plaintiff alleges that she has paid insurance on the property while in foreclosure and she "only stopped paying her insurance on or about January 1, 2013." *Id.* ¶ 29. She alleges that Rushmore, under direction from U.S. Bank and Bank of America, "[has] added $14,543.29 [for

---

of the FCCPA (Count VII); breach of implied covenant of good faith and fair dealing (Count VIII); and 47 U.S.C. § 227(b)(1)(B) of the TCPA.

[2] The Complaint contains several grammatical errors and incomplete sentences that make it difficult to follow. As Plaintiff is proceeding *pro se*, the Court liberally construes her Complaint. However, Plaintiff would be well-advised to correct these errors in any amended version of her complaint.

insurance] for the last three years alone, more than double what Plaintiff paid before," and that these "illegal amounts have been added to U.S. Bank's judgment against Plaintiff." *Id.*

Defendants Rushmore and U.S. Bank each filed an Answer and Affirmative Defenses to the Complaint on November 23, 2015. *See* ECF No. [24] and [25]. Defendant Bank of America moves to dismiss the entire Complaint, ECF No. [1], on the basis that Plaintiff failed to comply with proper pleading requirements. In the alternative, Bank of America seeks dismissal of Counts I, II, III, IV, and VIII because they fail to state a claim against Bank of America.

## II. Legal Standard

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy the Rule 8 pleading requirements, a complaint must provide the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, (2002). While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the Rule 8(a)(2) pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). The Supreme Court has emphasized that "[t]o survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also Am. Dental Assoc. v. Cigna Corp.*, 605 F.3d 1283, 1288-90 (11th Cir. 2010).

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) ("On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true."); *Iqbal*, 556 U.S. at 678. A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)). A district court may also take judicial notice of court documents on a motion to dismiss. *See Lozman v. City of Riviera Beach, Fla.*, 713 F.3d 1066, 1075 n.9 (11th Cir. 2013); *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999). While the court is required to accept as true all allegations contained in the complaint, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. "Dismissal pursuant to Rule 12(b)(6) is not appropriate 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Magluta v. Samples*, 375 F.3d 1269, 1273 (11th Cir. 2004) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). However, "this leniency does not give a court license to serve as *de facto* counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action. *GJR Inv., Inc. v. Cty of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citations omitted).

### III. Discussion

#### A. Rule 8 Pleading Requirements

Defendant Bank of America argues that Plaintiff has failed to comply with the pleading requirements of Rule 8 because she has failed to distinguish the allegations asserted against each Defendant. Specifically, Bank of America asserts that because Defendants are grouped together and each cause of action is generally asserted against all Defendants, Plaintiff has not provided Bank of America fair opportunity to ascertain the basis of the allegations asserted against it, as opposed to those asserted against the other two Defendants.

"When multiple defendants are named in a complaint, the allegations can be and usually are to be read in such a way that each defendant is having the allegation made about him individually. . . . [Notably,] under the liberal requirements of notice pleading, no technical forms of pleading are required." *Crowe v. Coleman*, 113 F.3d 1536, 1539 (11th Cir. 1997) (citing Fed.R.Civ.P. 8(a); O.C.G.A. § 9–11–8(a)(2)(A)) (internal quotations and modifications omitted). However, "when a complaint alleges that multiple defendants are liable for multiple claims, courts must determine whether the complaint gives adequate notice to each defendant." *Prushansky v. Brown*, 2013 WL 3716398, at *3 (M.D. Fla. July 15, 2013) "Accordingly, at times, a plaintiff's 'grouping' of defendants in a complaint may require a more definite

statement." *Ramos v. Cty of Miami Dade*, 2012 WL 3962436, at *3 (S.D. Fla. Sept. 10, 2012) (citing *George & Co. v. Alibaba.com, Inc.,* 2011 WL 6181940, at *2 (M.D. Fla. Dec.13, 2011)). "Indeed, a complaint that lumps all the defendants together in each claim and provides no factual basis to distinguish their conduct fails to satisfy Rule 8." *Id.* (citing *Lane v. Capital Acquisitions & Mgmt. Co.,* 2006 WL 4590705, at *5 (S.D.Fla. Apr.14, 2006)).

With the exception of Count IX, discussed *infra*, the Complaint gives notice to the Defendants, as the allegations can be fairly read as being made against each Defendant individually. *See Crowe*, 113 F.3d at 1539. For example, in the factual allegations in paragraphs 23 to 32 of the Complaint, Plaintiff asserts specific facts as to each Defendant—specifically, that Rushmore, acting under the direction of U.S. Bank and Bank of America, conducted the actions related to Plaintiff's modification, short sale, and dual tracking allegations. As to the other Counts, each of Plaintiff's allegations is easily read as asserted against each Defendant individually.

However, Plaintiff's allegations are not as clear with regard to the alleged violations of the TCPA, Count IX. The factual allegations as to this claim assert that all three Defendants "incessantly and unlawfully called Plaintiff's cellular telephone using artificial or prerecorded voice." Compl. ¶ 13. Plaintiff inconsistently alleges that Defendants called Plaintiff "several hundred times since September 23," that she received "more than one-thousand four hundred (1,400) telephone calls to her cellular telephone since September 1, 2011" made by Bank of America and Rushmore, and that "since April 1, 2014, Plaintiff has received an additional one hundred (100) telephone calls to her cellular telephone," made primarily by Rushmore. *See* Compl. ¶¶ 15, 18, and 19.

In addition to its argument that the Complaint improperly lumps all of the Defendants together in each claim, Bank of America also argues that the Complaint should be dismissed because the underlying allegations in the Complaint are contradictory, and Plaintiff has therefore failed to provide Bank of America adequate notice of the allegations asserted against it. Specifically, Bank of America argues that it is unclear if Plaintiff is contending she received telephone calls from Bank of America between September 1, 2011 and April 1, 2014 or if Bank of America's collection calls began on September 23, or if she is alleging Bank of America continued to call her cellphone after April 1, 2014.

Because the factual allegations are inconsistent, Count IX fails to provide proper notice to the Defendants as to what claims are asserted against them. It is unclear as to which conduct—including the amount and frequency of the calls, when the calls were placed, and by whom they were placed—is attributable to each Defendant in the Count. Accordingly, as to Count IX, Bank of America's motion to dismiss is granted. However, the Court will allow Plaintiff opportunity to amend her Complaint to correct the deficiencies identified herein.

**B. FDCPA Claims**

Bank of America argues that Plaintiff's FDCPA claims against it—Counts I, II, III, and IV—should be dismissed because Bank of America, as the original creditor, is not a "debt collector" as defined by 15 U.S.C. § 1692a(6). "In order to prevail on an FDCPA claim, a plaintiff must prove that: (1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Bentley v. Bank of America, N.A.*, 773 F.Supp.2d 1367, 1371 (S.D. Fla 2011) (quoting *Kaplan v. Assetcare, Inc.*, 88 F.Supp.2d 1355, 1360-61 (S.D. Fla 2000)).

7

The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). However, this Section also provides, in relevant part, that the term "debt collector" does not include "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . (ii) concerns a debt which originated by such person; [or] (iii) concerns a debt which was not in default at the time it was obtained by such person. . . ." § 1692a(6)(F). Consequently, creditors and mortgage servicers are not considered debt collectors under the FDCPA so long as the debt was not in default at the time it was assigned. *See Bentley*, 773 F.Supp.2d at 1371 ("[U]nder the FDCPA, consumer's creditors, a mortgage servicing company, or an assignee of a debt are not considered 'debt collectors,' as long as the debt was not in default at the time it was assigned.") (citing *Reese v. JPMorgan Chase & Co.*, 686 F.Supp.2d 1291, 1308 (S.D. Fla 2009)); *Locke v. Wells Fargo Home Mortg.*, 2010 WL 4941456 (S.D. Fla Nov. 30, 2010) ("Since Wells Fargo was the mortgage company servicing Plaintiff's mortgage, it cannot be liable as a 'debt collector' under section 1692.").[3]

Here, the promissory note and mortgage attached with Plaintiff's Complaint demonstrate that Bank of America was the original lender of the subject loan. *See* Compl. Ex. 1 at 20 ¶ 1 ("The Lender is BANK OF AMERICA, N.A."). Within each count of her FDCPA claims, Plaintiff asserts, without more, that Defendants Rushmore, U.S. Bank, and Bank of America are debt collectors within the meaning of the FDCPA, 15 U.S.C. § 1692a(6). Plaintiff has not made any additional allegation as to the current relationship between the Defendants and Plaintiff or

---

[3] Section 1692a(6) of the FDCPA also provides that the term "debt collector" includes "any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts."

otherwise demonstrated how Bank of America is a debt collector covered under the FDCPA. Accordingly, Plaintiff has failed to state a claim under the FDCPA and Counts I, II, III, and IV are properly dismissed with prejudice as against Bank of America.

### C. Breach of Implied Covenant of Good Faith and Fair Dealing

Defendant argues that Count VIII is legally insufficient because there is no independent action for breach of good faith and fair dealing, and a claimant must identify the breach of an express term of a contract to bring forth any such claim. Under Florida law, every contract contains an implied covenant of good faith and fair dealing that protects "the reasonable expectations of the contracting parties in light of their express agreement." *QBE Ins. Corp. v. Chalfonte Condo. Apartment Ass'n, Inc.*, 94 So. 3d 541, 548 (Fla. 2012) (quoting *Barnes v. Burger King Corp.*, 932 F. Supp. 1420, 1438 (S.D. Fla. 1996)); *Centurion Air Cargo, Inc. v. United Parcel Serv. Co.*, 420 F. 3d 1146, 1151 (11th Cir. 2005). The covenant is implied as a gap-filling default rule where the terms of the contract vest a party with substantial discretion, requiring that party to act in a commercially reasonable manner and limiting its ability to act capriciously to contravene the reasonable expectations of the contract counterparty. *See Brown v. Capital One Bank (USA), N.A.*, 2015 WL 5584697, at *3-4 (Sept. 22, 2015) (citing *Karp v. Bank of Am., N.A.*, 2013 WL 1121256, at *3 (M.D. Fla. Mar. 18, 2013) and *Martorella v. Deutsche Bank Nat. Trust Co.*, 931 F. Supp. 2d 1218, 1225 (S.D. Fla. 2013)).

"A breach of the implied covenant of good faith and fair dealing is not an independent cause of action, but attaches to the performance of a specific contractual obligation." *Centurion*, 420 F.3d at 1151. The implied duty of good faith must therefore "relate to the performance of an express term of the contract . . . [and] cannot be used to vary the terms of an express contract." *Burger King Corp. v. Weaver*, 169 F. 3d 1310, 1316 (11th Cir. 1999) (quoting *Hospital Corp. of*

*America v. Florida Med. Ctr., Inc.*, 710 So. 2d 573, 575 (Fla. 4th DCA 1998) and *City of Riviera Beach v. John's Towing*, 691 So. 2d 519, 521 (Fla. 4th DCA 1997)). Further, the covenant cannot "add an obligation to the contract which was not negotiated by the parties and not in the contract." *Hosp. Corp. of Am. v. Florida Med. Ctr., Inc.*, 710 So. 2d 573, 575 (Fla. 4th DCA 1998). As such, "there are two limitations on such claims: (1) where application of the covenant would contravene the express terms of the agreement; and (2) where there is no accompanying action for breach of an express term of the agreement." *QBE*, 94 So. 3d at 548 (citing *Ins. Concepts & Design, Inc. v. Healthplan Servs., Inc.*, 785 So. 2d 1232, 1234 (Fla. 4th DCA 2001)).

Here, Plaintiff generally alleges that the "mortgage contract and insurance policies . . . contained an implied covenant of good faith and fair dealing." Compl. ¶ 78. However, she fails to identify any specific provision of the mortgage contract or "insurance policies" that was allegedly breached. As there is no accompanying action for breach of an express term of the agreement, Plaintiff may not separately maintain a claim for breach of the implied covenant of good faith and Count VIII of the Complaint is accordingly dismissed with prejudice.

## IV. Conclusion

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant Bank of America's Motion to Dismiss, ECF No. [23], is **GRANTED IN PART** and **DENIED IN PART**.

2. Counts I, II, III, and IV and VIII are **DISMISSED with prejudice** as against Defendant Bank of America.

3. Count IX is **DISMISSED without prejudice**.

4. Plaintiff is granted leave to amend as to Count IX (Violation of TCPA) and is directed to file an amended complaint on or before **January 14, 2016**.

CASE NO. 15-CIV-62156-BLOOM/VALLE

**DONE AND ORDERED** in Fort Lauderdale, Florida this 29th day of December, 2015.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: Counsel of Record